1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       SOUTHERN DISTRICT OF CALIFORNIA
10
11  NATASHA BALLARD; NATASHA          Case No.:  24-CV-1579-JO-AHG
    BALLARD LIVING ESTATE,
12                                    **ORDER (1) GRANTING REQUEST
                         Plaintiff,   TO PROCEED IN FORMA
13                                    PAUPERIS; (2) DISMISSING FIRST
    v.                                AMENDED COMPLAINT
14                                    PURSUANT TO SECTION 1915(e)**
    SELECT PORTFOLIO SERVICING,
15  INC.; FULTON COUNTY SHERIFF'S
    OFFICE,
16
                         Defendants.
17
18
19

20      *Pro se* Plaintiff Natasha Ballard filed suit against Defendants Select Portfolio

21  Servicing Inc. and Fulton County Sheriff's Office alleging that she was the victim of an

22  unlawful foreclosure and eviction.  Dkts. 1, 3.  She alleges claims for violation of the Truth

23  in Lending Act, 15 U.S.C. § 1601 *et seq*., various securities and tax laws, as well as state

24  claims.  Dkts. 1, 3.  Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP").  Dkt.

25  2.  For the reasons stated below, the Court grants Plaintiff's IFP request and, after screening

26  her complaint, dismisses her claims against both Defendants.

27                          **I.      BACKGROUND**

28      Plaintiff claims she was evicted from her home in Georgia as the result of an

1

unlawful foreclosure.  *See* Dkt. 3 (First Amended Complaint, "FAC") generally. [1]  Plaintiff became unemployed in 2012 and fell behind in her mortgage payments.  FAC at 5.  Although she allegedly negotiated a payment plan with the HOA Board, and eventually offered to pay back the arrears in full, the HOA Board initiated foreclosure proceedings.  *Id.* at 5–6.  During this process, Defendant Select sent Plaintiff notices stating that it would foreclose on Plaintiff's home and Defendant Fulton County Sheriff's Office aided in this allegedly unlawful foreclosure.  *Id.* at 9–12.  In 2023 or 2024, after the close of foreclosure proceedings, Plaintiff's home was sold to a third party, Dharmenda Jattaipatti of D23, LLC.  *Id.* at 5–12.

Based on these facts, Plaintiff alleges claims against Defendants for (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.; (2) securities fraud; (3) tax fraud; (4) breach of contract; and (5) assignment.  FAC at 1–2.

## II.   MOTION TO PROCEED IFP

A party may institute a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  28 U.S.C. § 1915; *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Plaintiffs in the Southern District of California seeking to proceed IFP must establish their inability to pay by filing an affidavit that includes a statement of all income and assets.  *See* CivLR 3.2(a); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  An affidavit is "sufficient where it alleges that the plaintiff cannot pay the court costs and still afford the necessities of life."  *Id.* (citation omitted).  "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court."  *Skelly v. U.S. Dep't of Educ.*, No. 19-1812, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

In support of her IFP motion, Plaintiff filed an affidavit explaining her financial

---

[1] Plaintiff originally filed her complaint on September 5, 2024.  Dkt. 1.  On September 13, 2024, she voluntarily filed an amended complaint.  Dkt. 3.

circumstances and inability to pay. Dkt. 2. Plaintiff indicates she is unemployed, and her monthly income is $0.00. *Id.* at 2. She also indicates she has a total of $45.00 in her bank account and her only asset is a 2012 Toyota Prius valued at $5,000. *Id.* at 2, 3. She also indicates her monthly expenses are $900.00. *Id.* at 5. The Court finds that the affidavit has "sufficiently show[n] that [s]he lacks the financial resources to pay filing fees." *Dillard v. So*, No. 12-2958, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013).

Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

### III.   LEGAL STANDARDS

Because Plaintiff is granted leave to proceed IFP, her FAC must undergo a *sua sponte* screening for dismissal. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d at 1113, 1121 (9th Cir. 2012).

## IV.   DISCUSSION

In  screening Plaintiff's complaint, the Court examines whether Plaintiff validly stated claims for violations of the Truth-in-Lending Act, securities fraud, and tax fraud. The Court will then consider whether it should exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**A. Truth-in-Lending Act Claims**

The Court first considers whether Plaintiff has validly pled that Defendants Select and Fulton County Sheriff's Office violated the Truth-in-Lending Act.

The Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), is designed "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883, 887 (9th Cir. 2009) (citing to 15 U.S.C. § 1601(a)).  Rather than substantively regulate the terms creditors can offer or include in their financial products, the Act primarily requires creditors to provide certain disclosures to potential borrowers. *See Hauk v. J.P. Morgan Chase Bank USA*, 552 F.3d 1114, 1118–1120 (9th Cir. 2009).  Pursuant to TILA, creditors must provide borrowers with specific information including finance charges, annual percentage rate, and the right to rescind a transaction. *See, e.g.*, 15 U.S.C. §§ 1635, 1638.  Regulation Z, 12 C.F.R. Part 226, is issued by the Board of Governors of the Federal Reserve System to implement TILA.  *See* 12 C.F.R. § 226.1(a).

The TILA defines a "creditor" as

a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness,

by agreement . . . .

15 U.S.C. § 1602(f); Regulation Z, 12 C.F.R. § 226.2(a)(17)(i).

Here, Plaintiff's FAC neither alleges that Defendants Select or Fulton County Sheriff's Office are creditors subject to the disclosure requirements of the TILA, nor that they failed to share the information required by this statute.  Although Plaintiff appears to allege that Defendant Select and Fulton County Sheriff's Office were involved in the foreclosure of her home, she neither alleges (1) that they were her creditors (i.e., that she owed them a debt); nor (2) that they failed to provide her information about the terms of this debt.  FAC at 5, 12.  Thus, the Court finds that Plaintiff has failed to state a TILA claim against Defendants and dismisses this claim.  *See Viernes v. Exec. Mortg., Inc.*, 372 F. Supp. 2d 576, 580–81 (D. Haw. 2004) (concluding that TILA disclosure requirements only apply to creditors).

The Court will grant leave to amend with regard to Defendant Select but denies leave to amend with regard to Defendant Fulton County Sheriff's Office.  Because the Fulton County Sheriff's Office is a public law enforcement agency, no additional allegations could cure the deficiency that Defendant Fulton County Sheriff's Office is not a creditor subject to TILA requirements.  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading").

**B. Securities Law Claims**

The Court next considers Plaintiff's allegations that Defendants committed violations of federal securities laws.  Plaintiff alleges that Defendants' actions violated 18 U.S.C. § 1348 but this a criminal statute prohibiting securities fraud with no private right of action.  *Stokes v. M&T Bank*, No. 2:18cv49-MHT-WC, 2019 WL 5070198 at *4, 2019 U.S. Dist. LEXIS 102637 at *11 (M.D. Ala. June 18, 2019) ("Plaintiff has no cause of action under 18 U.S.C. § 1348.); *Smith v. Osvaldik*, No. 1:23-CV-01488-HBK, 2023 WL 8698359, at *4 (E.D. Cal. Dec. 15, 2023) (concluding that there is no language in § 1348

that provides for a private right of action).  Plaintiff, therefore, cannot pursue a private claim under this statute.

The Court dismisses these claims with prejudice.  The Court will not grant leave to amend as additional allegations could not cure the fundamental deficiency that Plaintiff does not have the legal right to prosecute criminal violations of securities law.  *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("futile amendments should not be permitted").

**C. Tax Fraud Claims**

Finally, the Court addresses Plaintiff's tax fraud claims.  To begin, the Court is unable to discern the nature of Plaintiff's tax fraud claims.  Plaintiff includes "Federal Tax Fraud" in the caption of her pleading and in a list of the Defendants' wrongful actions, but she does not make any factual allegations supporting these claims.  *See* FAC at 1–2.  To the extent Plaintiff alleges that Defendants committed tax fraud against the government, she may not proceed because there is no private right of action for tax fraud or evasion. *Daniels v. Bank of New York Mellon*, No. 17-CV-1303-CAB-WVG, 2017 WL 4541756, at *5 (S.D. Cal. Oct. 11, 2017) (dismissing with prejudice *pro se* plaintiff's "tax fraud" claims purported to be grounded in federal income evasion due to lack of private right of action); *see also United States v. LaSalle Nat. Bank*, 437 U.S. 298, 308 (1978) (The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code.)

Accordingly, to the extent that Plaintiff seeks to bring tax fraud claims, they are dismissed with prejudice.  The Court denies leave to amend as additional allegations could not cure the fundamental deficiency that Plaintiff does not have the legal right to prosecute a third party's tax fraud against the government.  *Chaset*, 300 F.3d at 1088.

**D. Supplemental State Law Claims**

Because all federal claims are dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.  *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a

claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state law claims should be dismissed as well.")

## V.   CONCLUSION

For the above reasons, the Court:

1.     **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

2.     **DISMISSES** Plaintiff's claims in their entirety.

3.     **GRANTS** Plaintiff leave to amend her TILA claim against Defendant Select only.  Plaintiff has until <u>November 8, 2024</u> in which to file a Second Amended Complaint which cures the deficiencies of her TILA claim against Defendant Select as noted in this Order.

4.     Plaintiff's Second Amended Complaint must be complete by itself without reference to any previous version of her pleading.  Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

5.     If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix [her] complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: October 21, 2024

_____

Honorable Jinsook Ohta

United States District Court